The note was made by John Mitchell, payable and negotiable at the Bank of Cape Fear. When it became due, the holder was at Wilmington, where the maker had usually resided, but had not at that time any house or store there. The defendant then informed the plaintiff that the maker of the note was at sea, and that it would be hard if he (94) himself should be obliged to pay the money, as he had already paid large sums for him.
No other demand was made on the defendant, nor was any other notice given to him; no demand was made at the Bank of Cape Fear, and the single question for the opinion of the court was whether, under this statement of facts, the defendant was liable as endorser.
The nature of an endorser's engagement is that he will pay the amount of the note, provided the holder cannot, after using due diligence, obtain payment from the maker; and that reasonable notice of this fact be given to the endorser, to enable him to charge the person against whom he is entitled to claim. Nothing should be neglected on the part of the endorsee which might reasonably have been expected to enable him to procure payment from the maker; if he refuse to make it, has absconded, or become insolent, and no delay occurs in apprizing the *Page 75 
endorser of the fact, this, in ordinary cases, will be sufficient to make him liable to the endorsee's action. A personal demand is not essential, it being sufficient if made at the house; but if the house be shut and the maker has gone away, some further inquiry should be made concerning him, and some endeavor used to find him out, for he may have removed to another dwelling, and have been ready to pay the money. 2 Str., 1087. If it be proved that he has absconded, nothing more is necessary, when no particular place is pointed out for the payment of the money. Here it is part of the contract that the money should be paid at the Bank of Cape Fear. The maker might have appointed an agent at the bank to pay the money, or have deposited the amount to the credit of the holder. We cannot presume that this was not done, and as no application was made at the bank, which every one receiving the note might see upon the face of it was necessary, it would be unreasonable to charge the endorser. It is in the nature of a special acceptance, which, in the case of a bill of exchange, the holder is not bound to receive, but, having received it, he impliedly agrees to conform to its terms. (95) Thus, if a man accept a bill payable at his bankers, the holder must present it there within the usual banking hours; and if he present it afterwards without obtaining payment, it is not evidence of its being dishonored so as to charge the drawer. 7 East, 385. If a demand be made at the place designated, although notice should be given to the endorser of the nonpayment, yet no personal demand need be made of the acceptor, who has broken his contract that the bill should be paid there. "If," says Marius, "a bill directs the payment at a certain place, it ought to be paid there, without other demand than at the place, though the acceptor lives at a place remote." 26. And if he live in the same place, the law is the same, as appears in 2 H. Bl., 509, where the person at whose house the bill was made payable was himself the holder of it; in which case it was held a sufficient demand of payment for him to inspect his books and to find that he had no effects in his hands.
As the verdict below was improperly found for the plaintiff, there must be a
New trial.
NOTE. — On the question of a demand on the maker, see Moore v.Coffield, 12 N.C. 247. As to making a demand at the particular bank where a note is made payable, see Smith v. McLean, post, 509. Upon the question of giving notice to the endorsers, see Pons v. Kelly, 3 N.C. 45, and the cases referred to in the note. The act of 1827 (1 Rev. Stat., ch. 13, sec. 11) renders endorsers liable as sureties unless it is otherwise expressed in the endorsement. See the cases of Williams v. Irwin, 20 N.C. 74;Dismukes v. Wright, ibid., 78, and Ingersoll v. Long, ibid., 293, decided upon this statute.
Cited: Nichols v. Pool, 47 N.C. 25. *Page 76 
(96)